# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

STEVEN LIGUORI, an Individual; and BRUNO LIGUORI TURQUOISE TRADING, INC., a Nevada corporation,

        Plaintiffs,

vs.

BERT HANSEN, individually and doing business as HOOVER DAM SNACKETERIA or the HIGH SCALER CAFÉ; KAWANA POHE, individually and doing business as the HOOVER DAM STORE; and DOES 1 through 10,

        Defendants.

Case No.: 2:11-cv-0492-GMN-CWH

**ORDER**

Pending before the Court is Defendant Kawana Pohe's Motion to Dismiss or in the Alternative Motion for Summary Judgment (ECF No. 8).

## I. BACKGROUND

Plaintiffs Steven Liguori and Bruno Liguori Turquoise Trading, Inc. ("Plaintiffs") filed a Complaint before this Court on April 1, 2011. (ECF No. 1.)  In the Complaint, Plaintiffs alleged three causes of action against Defendants Hansen and Pohe: (1) Breach of Contract; (2) Breach of the Implied Covenant of Good Faith and Fair Dealing; and (3) Copyright Infringement. (*Id.*)

## II. LEGAL STANDARD

**Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not

give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

**Summary Judgment**

The Federal Rules of Civil Procedure provide for summary adjudication when the

pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).  In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.  But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**Statutes of Limitations**

Under Nevada law, "[a]n action upon a contract, obligation or liability founded upon an instrument in writing" has a six-year statute of limitations. NRS 11.190(1)(b).  Claims arising under Title 17 of the United States Code, including claims for copyright infringement, must be "commenced within three years after the claim accrued." 17 U.S.C. § 507(b).

**III.   DISCUSSION**

Defendant Pohe moves to dismiss Plaintiffs' Complaint on the grounds that: (1) "the allegations of the Plaintiffs' Complaint are so threadbare so as to permit disposition under 12(b)(6)," specifically because "[t]here is no date associated with any actions mentioned in the

complaint subsequent to the year 2000"; (2) Plaintiffs' First and Second Causes of Action are barred by the six-year statute of limitations in Nevada Revised Statutes 11.190(1)(b) because it began to run on February 4, 2002; and (3) Plaintiffs' Third Cause of Action is barred by the three-year statute of limitations in 17 U.S.C. § 507(b) because "[t]he Retail Licensing Agreement was terminated by Pohe in 2002." (Mot. Dismiss, 4:14-28, 5:1-4, ECF No. 8.)

To support these arguments, Defendant Pohe refers to the June 12, 2000, Retail Licensing Agreement (Ex. 5 to Compl., ECF No. 1-4) attached to Plaintiffs' Complaint. (Mot. Dismiss, 2:3-5.)  The Retail Licensing Agreement states that it was made "by and between BRUNO LIGUORI TURQUOISE TRADING POST, INC., a Nevada corporation . . . (hereinafter 'Licensor') and BERT HANSEN, d/b/a HOOVER DAM SNACKETERIA, Boulder City, Nevada and Kawana Pohe, d/b/a HOOVER DAM STORE, hereafter collectively referred to as (hereinafter 'Licensee')." (*Id*. at 1:¶1.)

Defendant Pohe attaches a February 4, 2002 letter from counsel for Plaintiff Bruno Liguori Turquoise Trading Post, Inc. ("BLTTP") "alleging that Pohe was in breach of the retail agreement by failing to pay royalties or place BLTTP's licensed products for sale to the general public." (Mot. Dismiss, 2:6-8; Ex. A to Mot. Dismiss, ECF No. 8-1.)  This letter appears to be the basis upon which Defendant Pohe argues that the statute of limitations has expired for Plaintiffs' three causes of action.

Defendant Pohe also alleges that he sent a letter to Plaintiff Steven Liguori ("Liguori") in March 2002 terminating the licensing agreement with BLTTP. (Mot. Dismiss, 2:13-14.)  In support of this allegation, Defendant Pohe cites to his attached affidavit and purported draft of the letter. (*Id*. at 2:16; Ex. B to Mot. Dismiss, ECF No. 8-2.)  Defendant Pohe alleges that the draft letter attached to his affidavit is "substantially similar" to the letter that he sent terminating the Retail Licensing Agreement. (Ex. B, 1:¶6, ECF No. 8-2.)  The draft letter is unsigned and undated, and purports to give "the required 30 day notice of cancellation of our agreement," to

take effect on March 31, 2002, but does not specify which provision of the agreement is being invoked. (*Id.*)

The Retail Licensing Agreement contains a provision for termination of the agreement by "either party herein" "upon at least thirty (30) days' notice" "[i]n the event Licensee is prevented from manufacturing or distributing the Licensed Products because of any act of God, unavoidable accident, fire, epidemic, strike, lockout or other labor dispute, war, riot or civil commotion, act of public enemy, enactment, rule, order or act of government or governmental instrumentality (whether federal, state, local or foreign), or other cause of a similar or dissimilar nature beyond Licensee's entire control, and such condition continues for a period of three (3) months or more." (RLA, Ex. 5 to Compl., 9:¶11(b), ECF No. 1-4.)

Defendant Pohe also submits copies of proceedings initiated in 2002 before the Eighth Judicial District Court of Clark County, Nevada, to argue that Defendants Hansen and Pohe were not joint venturers or in a partnership. (Reply Mot. Dismiss, ECF No. 13.) None of Defendant Pohe's submitted Exhibits are purported to be legal documents modifying the Retail Licensing Agreement. The case before the Eighth Judicial District Court does not include Plaintiffs as parties and does not relate to the Retail Licensing Agreement.

### A.     Motion to Dismiss

The legal standard governing motions to dismiss under Rule 12(b)(6) requires only that a complaint give a defendant fair notice of a legally cognizable claim and the grounds on which the claim rests. Facts pleaded in the complaint must show that a violation is plausible, not just possible. These requirements, though exacting, do not demand the detail required for summary adjudication. Defendant Pohe argues that Plaintiffs' Complaint may be dismissed under Rule 12(b)(6) because there is no date associated with actions subsequent to the year 2000, but does not address why these dates are necessary in order to satisfy the pleading requirements of Rule 12(b)(6). The Court finds that Plaintiffs' Complaint sufficiently alleges facts showing that a

1  violation is plausible and that give Defendants fair notice.  Furthermore, Defendant Pohe
2  presents no grounds on which the Court should find otherwise.  Therefore, Defendant Pohe's
3  Motion to Dismiss will be denied.

### B. Motion for Summary Judgment

In the alternative, Defendant Pohe requests summary judgment in his favor on the basis of the applicable statutes of limitations for Plaintiffs' three causes of action.   The Exhibits submitted by Defendant Pohe in support of the motion do not provide the Court sufficient basis on which to find that summary adjudication is merited.  Based on the evidence presented here, the Court finds that reasonable jurors, drawing all inferences in favor of Plaintiffs, could return a verdict in Plaintiffs' favor as to the applicability of the statutes of limitations.  Therefore, Defendant Pohe has not met his initial burden to establish the absence of a genuine issue of fact as to whether the statutes of limitations have run.  Accordingly, Defendant Pohe's alternative motion for summary judgment will be denied.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Pohe's Motion to Dismiss or in the Alternative Motion for Summary Judgment (ECF No. 8) is **DENIED.**

**DATED** this 9th day of March, 2012.

_____
Gloria M. Navarro
United States District Judge