UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEVE LIGUORI, *et al.*,<br><br>                    Plaintiffs,<br><br>vs.<br><br>BERT HANSEN, *et al.*,<br><br>                    Defendants. | 2:11-cv-00492-GMN-CWH<br><br>**ORDER** |

This matter is before the Court on Plaintiffs' Motion to Withdraw Admissions Pursuant to FRCP 36(b) (#46), filed April 4, 2012, and Defendant Bert Hansen's ("Hansen") Response (#51), filed April 23, 2012.

**BACKGROUND**

The complaint in this matter was filed on April 1, 2011. (#1). Throughout the course of discovery, the Court has been called upon to resolve several discovery disputes. On March 6, 2012, the Court entered a 26-page discovery order addressing several discovery disputes. As a result of that order, the Court extended several discovery deadlines and, on March 19, 2012, approved the parties stipulation establishing the new discovery deadlines. (#39).

In its prior order (#31), the Court also addressed Plaintiffs' request to extend the deadline to respond to Hansen's Rule 36 requests for admissions. The Court declined to address Plaintiffs' request to extend the deadline to responsd to Rule 36 requests as the unanswered requests by operation of Rule 36 were "automatically deemed admitted" when Plaintiff failed to timely respond. *See* Order (#31) at 13: 9-13 (citing *Employer Painters Welfare Trust v. Atlas Drywall & Painting, LLC*, 2011 WL 5041215 (D. Nev.)). Plaintiffs were, however, invited to take advantage of Rule 36's safe harbor provision by filing a motion pursuant to Rule 36(b) for withdrawal of the deemed admissions. *See* Order (#31) at 14: 16-17.

On April 4, 2012, in conformity with the Court's prior order (#31), Plaintiffs filed the instant motion (#48) seeking withdrawal of the deemed admissions. Plaintiffs note that the delay between when the responses were due, October 10, 2011, and when the responses were served, October 27, 2011, is minimal.[1] Plaintiffs also note that in the period between when the responses were due and the responses were served Hansen did nothing in reliance on the deemed admissions. Indeed, Plaintiffs assert that since the time the requests were deemed admitted Hansen has not taken any depositions, retained any experts, or propounded additional discovery. Thus, in addition to facilitating the presentation of the merits, Plaintiffs argue that Hansen can point to no appreciable prejudice that would occur if the deemed admissions are withdrawn.

In response, Hansen does not address whether the merits of the action would be subserved by withdrawal of the deemed admissions. Hansen focuses exclusively on the prejudice he would suffer if withdrawal is permitted. Specifically, Hansen claims that the delay in filing the motion for withdrawal "forced" him to rely on the admissions in determining how he conducted discovery. Hansen claims further that he has suffered "extreme economic prejudice" by being forced to allocate funds to either responding to Plaintiffs' motion or conducting discovery.

**DISCUSSION**

Federal Rule of Civil Procedure 36(a)(3) provides:

> A matter is deemed admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

Rule 36 requests for admissions, although governed by the relevance standards set forth in Rule 26(b), are not principally discovery devices. *Liberty Mut. Ins. Group v. Panelized Structures, Inc.*, 2011 WL 6780875 (D. Nev.) (citing *8A Charles Allen Wright, Aruther R. Miller & Richard L. Marcus,* Federal Practice and Procedure Civil § 2252 at 522-525 ("Strictly speaking Rule 36 is not a discovery procedure at all, since it presupposes that the party proceeding under it knows the

---

[1] The Court notes that the responses were served via mail. Thus, taking into account the three-day mailing rule, Defendant had notice of the Rule 36 responses by October 31, 2012. *See* Ex. 10 attached to Pls' Mot. (#21).

- 2 -

1  facts or has the document and merely wishes its opponent to concede their genuineness. The
2  party who desires to discover what facts are should resort to other discovery rules rather than
3  Rule 36.")). By operation of Rule 36, requests for admissions are automatically deemed admitted
4  when a party fails to timely respond. *See Employer Painters Welfare Trust v. Atlas Drywall &*
5  *Painting, LLC*, 2011 WL 5041215 (D. Nev.).
6        Once admitted, automatically or otherwise, Rule 36(b) provides that the matter is
7  "conclusively established unless the court, on motion, permits the admission to be withdrawn or
8  amended." Fed. R. Civ. P. 36(b). "[T]he court may permit withdrawal or amendment if it would
9  promote the presentation of the merits of the action and if the court is not persuaded that it would
10 prejudice the requesting party in maintaining or defending the action on the merits." *Id*.
11 Withdrawal or amendment of a Rule 36 admission "is permissive, not mandatory." *See Conlon*
12 *v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (citation omitted). The court's discretion is
13 exercised "in terms of the effect upon the litigation and prejudice to the resisting party." *Mid*
14 *Valley Bank v. North Valley Bank*, 764 F.Supp. 1377, 1391 (E.D. Cal. 1991). The Rule 36
15 provision for withdrawal or amendment specifically provides parties with a potential safe harbor,
16 but "[a] deemed admission can only be withdrawn or amended by motion in accordance with
17 Rule 36(b)." *Id*. (citing *Donovan v. Carls Drug Co.*, 703 F.2d 650, 652 (2d Cir. 1983)).
18       As the text of the rule indicates, relief from a deemed admission is appropriate only when
19 (1) presentation of the merits of the action would be subserved, and (2) the party who obtained
20 the admission would not be prejudiced by the withdrawal. *Conlon*, 474 F.3d at 622 (citation
21 omitted). "The party who obtained the admission has the burden of proving that allowing
22 withdrawal of the admission would prejudice its case." *Sonoda v. Cabrera*, 255 F.3d 1035, 1039
23 (9th Cir. 2001) (citing *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995). A court must
24 consider the two factors set forth in Rule 36(b) when determining whether to grant withdrawal.
25 *Conlon*, 474 F.3d at 625. "However, in deciding whether to exercise its discretion when the
26 moving party has met the two-pronged test of Rule 36(b), the district court may consider other
27 factors, including whether the moving party can show good cause for the delay and whether the
28 moving party appears to have a strong case on the merits." *Id*.

- 3 -

1   The Court agrees with Plaintiff that withdrawal of the admissions in this case would
2 promote a presentation on the merits. Tellingly, Hansen does not address this prong of the Rule
3 36(b) analysis.[2] In the Court's review, it appears clear that deemed admissions strike at the heart
4 of several critical issues in the case. Thus, the Court concludes that a presentation on the merits
5 will be subserved if the admissions are not withdrawn.

6   As to prejudice, Hansen claims that withdrawal of the deemed admissions will result in
7 "substantial economic prejudice." The Court rejects this argument. Hansen concedes that, since
8 obtaining the admissions, he has not issued additional discovery requests, noticed any
9 depositions, or filed any motions, dispositive or otherwise, wherein the admissions are relied
10 upon. The critical question when undertaking a prejudice inquiry under Rule 36(b) is the
11 prejudice, if any, the nonmoving party would suffer at trial. *Conlon*, 474 F.3d at 623. Even
12 choosing not to engage in discovery due to reliance on deemed admissions is not, without more,
13 prejudicial because, as the *Conlon* court pointed out, the court can always reopen the discovery
14 period. *Id.* (citation omitted). There is simply nothing before the Court indicating that Hansen
15 will be prejudiced by withdrawal. Discovery remains open and was recently extended. Hansen
16 has been aware of the responses since at least October of 2011 and, in that time, can point to no
17 action, other than his own choice not to engage in discovery, he has taken to rely on the deemed
18 admissions.[3]

19   Even when both prongs of Rule 36(b) are satisfied, withdrawal remains permissive.
20 *Conlon*, 474 F.3d at 625. Plaintiffs' responses to the Rule 36 requests, although untimely, were
21 served on Hansen in October 2011. Given that the discovery cutoff has now been extended to

---

[2] Pursuant to Local Rule 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." By failing to file points and authorities rebutting Plaintiff's claim that the failure to grant withdraw would subserve a presentation of the merits, the Court further finds that Hansen has consented to Plaintiff's position on the matter.

[3] Hansen's claim that resources that could have been used for discovery have had to be expended in briefing motions is unpersuasive. Motions are a standard practice in litigation and discovery can be expensive. This is true for all parties. If Hansen feels Plaintiffs are filing motion for the express purpose of increasing costs, there are ample remedies available to him. Depending upon the situation, Hansen could request that the Court to exercise its inherent authority to impose sanctions or seek redress under several rules, including but not limited to Rule 11, Rule 26, Rule 37, or 28 U.S.C. § 1927. But the mere fact that discovery is expensive, without more, is not sufficient to show prejudice.

- 4 -

1  October 5, 2012, the Court concludes that withdrawal of the admissions is appropriate.

2  Based on the foregoing and good cause appearing therefore,

3  **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Withdraw Admissions Pursuant

4  to FRCP 36(b) (#46) is **granted**.  The deemed admissions are withdrawn and the responses

5  served on October 31, 2011, are deemed effective as of the date of this order.

6  Dated this 24th day of May, 2012.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge