UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | | |
|---|---|---|
| STEVE LIGUORI, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | 2:11-cv-00492-GMN-CWH |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| BERT HANSEN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

This matter came before the Court on May 21, 2012 for hearing on Defendant Bert Hansen's Motion to Enlarge Time (#48), Defendant Hansen's Motion for Protective Order (#55) and Defendant Pohe's joinder thereto (#57), and Plaintiffs' Motion to Withdraw Admissions (#46). The Court heard the arguments of the parties and made detailed findings and rulings on the record. As a result, Defendant Hansen's motion (#48) was granted.[1]

Defendants' motions (#55) and (#57) were granted in part and denied in part. The Court indicated that it would issue a written order memorializing its rulings as stated on the record. Given the detailed rulings made on the record, it was the Court's expectation that the parties would press forward with discovery based on those oral rulings. It recently came to the Court's attention that the parties have reached an impasse based on the inability to agree on the nature and scope of the Court's rulings during the May 21 hearing. During that hearing the Court ruled as follows:

> **Interrogatory No. 3 and Request for Production No. 3:** Defendants shall produce the profit and loss statements reported to the state of Nevada going back for a period of seven (7) years from the date this suit was filed through

---

[1] The Court issued a separate order granting Plaintiffs' motion (#46). *See* Order (#61).

the present.

**Interrogatory No. 9 and Request for Production No. 9:** Defendants shall produce responsive documents going back for a period of seven (7) years from the date this suit was filed through the present.

**Request for Production No. 17:** Defendants request for protective order is granted.

**Request for Production No. 18:** Defendants shall produce the monthly sales tax returns going back for a period of seven (7) years prior to the date this suit was filed through the present. To the extend Defendants are not in possession of the documents in question, Plaintiff is not precluded subpoenaing the records from the appropriate entity.

**Request for Production No. 19:** The parties are instructed to meet and confer to determine the availability of responsive documents in electronic format going back for a period of seven (7) years prior to the date this suit was filed through the present. If there are no electronic records, Defendants shall make available the boxed records referenced during the hearing for Plaintiff's review and inspection.

**Request for Production No. 20:** Defendants shall provide responsive documents going back for a period of seven (7) years from the date of this suit was filed through the present. Defendants are also instructed to make available the boxed records referenced during the hearing for Plaintiff's review and inspection.

**Request for Production No. 21:** Defendants shall provide unredacted responsive documents as stated on the record at the May 21, 2012 hearing. The documents shall go back for at least a period of seven (7) years from the date this suit was filed through the present. Plaintiff is entitled to responsive documents for all vendors identified in that seven year disclosure period even if the responsive documents fall outside the seven year period. By way of example, if Defendants entered into an agreement with a vendor 8 years prior to this lawsuit being filed but continue to do business with that vendor, the original agreement is relevant and discoverable. To the extent necessary, the parties are instructed to meet and confer and submit a stipulated protective order regarding disclosure and use of this information.

**Request for Production No. 22:** Defendants shall make available the boxed records referenced during the hearing for Plaintiff's review and inspection.

**Request for Production No. 23:** Defendants request for protective order is granted.

The Court further ordered Defendants to: (1) answer the question of whether there is electronic discovery, (2) produce the vendor lists and contracts, and (3) produce the profit and loss reports made to the State of Nevada by **June 4, 2012**. The boxed records referenced during the hearing were to be made available to Plaintiff immediately. Based on the parties recent stipulation to extend discovery (*see* Order (#69)), it appears that much, if not all, of this discovery has

occurred. Nevertheless, the Court will require the parties to submit a joint status report by **October 19, 2012** specifically addressing the discovery ordered at the May 21, 2012 hearing.

**IT IS SO ORDERED.**

Dated this 15th day of October, 2012.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge