JEFFREY J. WHITEHEAD, ESQ.
Nevada Bar No.: 3183
GARY BURNETT, ESQ.
Nevada Bar No. 7632
**WHITEHEAD & BURNETT**
6980 O'BANNON DRIVE
Las Vegas, Nevada 89117
Telephone: (702) 267-6500
Facsimile Number: (702) 267-6262
jeff@whiteheadburnett.com
gary@whiteheadburnett.com
*Attorneys for Defendant,*
*Bert Hansen*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN LIGUORI, an individual; and BRUNO LIGUORI TURQUOISE TRADING, INC., a Nevada Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>BERT HANSEN, individually and doing business as the HOOVER DAM SNACKETERIA or the HIGH SCALER CAFÉ; KAWANA POHE, individually and doing business as the HOOVER DAM STORE; and DOES 1 through 10,<br><br>Defendants. | CASE NO.: 2:11-cv-00492-GWF<br><br>**PROTECTIVE ORDER GOVERNING CONFIDENTIALITY OF DOCUMENTS** |

WHEREAS, in the course of this litigation disclosure may be sought of information that a party regards as proprietary, confidential or requiring special protection under Rule 26(c) of the

STIPULATED PROTECTIVE ORDER
CONFIDENTIAL DOCUMENTS - 1

1  Federal Rules of Civil Procedure ("confidential information"); and

2      WHEREAS, the parties hereto desire to establish a mechanism governing access to and
3  use of such confidential information in this action.

4      Accordingly, IT IS HEREBY STIPULATED by and between the parties and their
5  respective counsel that the following Protective Order shall govern the access to and use of
6  confidential information produced in this action.

7      IT IS HEREBY ORDERED that:

8      1.    Any information produced by any party or non-party in this action may be
9  designated by the producing party(ies) as "Confidential" ( "Designated Information"). As a
10 general guideline, any information, the whole of which is publicly available, should not be
11 designated as "Confidential." A Party who designates information as confidential shall be
12 referred as to as a Designating Party. A party or parties who receive(s) confidential
13 information shall be referred to as a Receiving Party.

14     2.    Documents not previously disclosed to the public should be designated as
15 "Confidential" when such documents contain confidential information that may be reviewed
16 by certain named persons of the receiving party, but must be protected against disclosure to
17 third parties. Any document(s) and/or other information subject to disclosure may be
18 designated by the Designating Party as "Confidential" when it (a) contains information
19 subject to a legally protected right of privacy such as employment and personnel records,
20 medical and health care records or (b) contains confidential business and/or financial
21 information such as tax records, tax filing information, banking records, accounting records,
22 financial statements, meeting minutes, and other categories of information not publicly
23 available in which the Designating Party has a reasonable interest in protecting from general

24

*WHITEHEAD & BURNETT*
6980 O'BANNON DRIVE
LAS VEGAS, NV 89117
T: 702 267 6500

1  disclosure.

2      3.    All Designated Information shall only be used in connection with this litigation, any appeals thereto, and judgment collection, but not for any other business, proceeding, litigation or other purpose whatsoever. Such information may not be disclosed to anyone except as provided in this Protective Order and the parties shall exercise due care regarding storage, custody and use.

    4.    The following procedure shall apply to Designated Information:

    a.    Any party or non-party who has documents to be covered by the provisions of this Protective Order may designate, in writing, the documents or portions thereof that such person or entity considers confidential at the time the documents are produced. Each page of the document must be marked "Confidential" by the Designating Party.

    b.    Any party may designate as to be covered by the provisions of this Protective Order the documents or portions thereof that have been (i) produced by another party; or (ii) produced by a non-party in response to a subpoena. For such a designation, the Designating Party must identify in writing, the documents or portions of documents that it seeks to designate as "Confidential" as soon as possible and within ten (10) business days after documents are received. Neither party shall be authorized to release any information produced in response to a subpoena to any person or party outside the scope of Paragraph 6 hereof until after the expiration of the ten (10) day period identified herein (unless such period has been waived in writing by the other party).

    5.    Information disclosed at a deposition or other testimony may be designated as "Confidential" at the time of the testimony or deposition, or within thirty (30) calendar days following receipt of the transcript, and shall be subject to the provisions of this Protective

WHITEHEAD & BURNETT
6980 O'BANNON DRIVE
LAS VEGAS, NV 89117
T: 702 267 6500

Order. During the deposition or testimony, unauthorized persons shall be excluded from testimony designated "Confidential" as applicable under this Protective Order. For purposes of clarity, the parties shall not constitute unauthorized persons. Additional information disclosed during a deposition or other testimony may be designated as "Confidential" by notifying the other party, in writing, within thirty (30) calendar days after receipt of the transcript, of the specific pages and line numbers of the transcript that should also be designated. Unless otherwise agreed on the record of the deposition or other testimony, all transcripts shall be treated as "Confidential" for a period of thirty (30) calendar days after their receipt, and the transcript shall not be disclosed by a non-designating party to persons other than those persons named or approved according to Paragraph 6 to review documents or materials designated "Confidential" on behalf of that non-designating party.

6.   Any documents and/or other information designated as "Confidential," as well as any copies or excerpts thereof, or analyses or reports that pertain thereto, may be made available only to the following persons:

   a.   Attorneys of record for the receiving party ("Counsel"), their employees and other attorneys and or employees of their firms;

   b.   Judges, the Court, law clerks, and other clerical personnel of the Court before which this action is pending, so long as such documents or information are filed under seal;

   c.   Agents of Counsel needed to perform various services such as, for example copying, drafting of exhibits and support and management services, including vendors retained by the parties, or by counsel for parties, for the purpose of encoding, loading into a computer and storing and maintaining for information control and retrieval purposes, transcripts

of depositions, hearings, trials, pleadings, exhibits marked by a party, attorneys' work product, all of which may contain Designated Information.

      d.    Independent experts or consultants (together with their clerical staff) not associated directly or indirectly with a party that have been retained by Counsel to assist in the prosecution, defense or settlement of this action after they have executed Exhibit A hereto;

      e.    Steven Liguori, a representative of Bruno Liguori Turquoise Trading, Inc., and Bert Hansen, provided making the Confidential Documents available shall only be shown to such parties in person, with no copies, digital or tangible, being made available and such persons may not copy, photograph, write notes down in any manner or format of the Confidential Documents; and

      f.    Any other person as to whom the parties in writing agree.

7.    Any party, party representative, witness, expert, or consultant permitted by this Protective Order to have access to Designate Information shall, prior to be given such access, be provided with a copy of this Protective Order for review. On receiving this Protective Order, each shall sign a statement in the form of Exhibit A hereto indicating that he/she has read the Protective Order and agrees to comply with its terms. Counsel providing such access shall retain all original executed copies of Exhibit A until this litigation, any appeals thereto, and judgment collection are concluded.

8.    The procedure for having any third party ("proposed third party") approved for access to Designated Information shall be as follows:

      a.    The Receiving Party shall provide the Designating Party with:

          i)    The name of the proposed third party;

          ii)    The present employer and title of the proposed third party; and

        iii)    A written acknowledgment in the form of Exhibit A attached hereto, signed and understood by the proposed third party, that the proposed third party has read this Protective Order and agrees to be bound by its terms.

    b.    Within five (5) business days after receiving a copy of the information and the written acknowledgment described in subsection (a) above, the Designating Party may object in writing (by electronic mail or otherwise) to the approval of the proposed third party upon a reasonable basis. Failure to object within five (5) business days to the proposed third party shall be deemed approval, but shall not preclude the Designating Party from later objecting to continued access by that third party where facts suggesting a basis for objection are subsequently learned by the producing party or its counsel. If objection is made, the Designated Information shall not be disclosed to the proposed third party until either: (i) the Designating Party withdraws its objection;  or (ii) the Court makes a determination on the issue.

    c.    If the Designating Party objects to a proposed disclosure of Designated Information pursuant to this Paragraph 8, the parties shall, within five (5) business days from the date of the mailing of notice of objection, confer and attempt to resolve the dispute. At that conference, the Designating Party shall inform the Requesting Party of its reasons for objecting to the proposed third party. If the parties cannot resolve the dispute, of if no conference is completed within five (5) business days, then the Designating Party may move the Court for an order prohibiting or limiting disclosure to the proposed third party.

    d.    The Designated Information may be disclosed if the Designating Party fails to move the Court for an appropriate order within five (5) business days after the conference identified in Paragraph 8(c) hereof.  If the Designating Party timely files a motion with the Court

STIPULATED PROTECTIVE ORDER
CONFIDENTIAL DOCUMENTS - 6

1  for an appropriate order within the five (5) business day period, the Designated Information may
2  not be disclosed to the proposed third party unless and until the Court denies the Designating
3  Party's motion. These times periods are not to restrict either party from moving for a Court order
4  earlier if the circumstances so require.

5      9.    This Protective Order does not in and of itself create any privileges or right to
6  non-disclosure should this Court determine materials are not protected. Nor does it change the
7  fact that the burden of proving that information should be protected from disclosure belongs to
8  the party asserting that a document should remain out of the public eye. Further, the restrictions
9  set forth in this Protective Order will not apply to information that is already within the public
10 realm before the date of its transmission to the Designating Party, provided that such information
11 does not become publicly known by any act or omission of the receiving party its employees,
12 agents or any person receiving such information under the terms of this Protective Order.

13     10.    Designated Information shall not be filed with the court or offered into evidence
14 at a hearing or trial of this case, unless an order has first been entered by the Court pursuant to a
15 Sealing Order, which provides that such information shall be sealed and redacted when entered
16 into the court records. On such an order being issued, Designated Information shall be filed with
17 the court or offered into evidence pursuant to a Sealing Order.

18     11.    Notwithstanding anything to the contrary herein, if a party through inadvertence
19 or mistake produces any Designated Information without marking it with the legend
20 "Confidential," the Designating Party may give written notice to the Receiving Party that the
21 document, information, or testimony contains Designated Information and should be treated as
22 such in accordance with the provisions of this Protective Order. On receipt of such notice, and
23 upon receipt of properly marked materials the Receiving Party shall return said unmarked or

*WHITEHEAD & BURNETT*
6980 O'BANNON DRIVE
LAS VEGAS, NV 89117
T: 702 267 6500

incorrectly marked materials and not retain copies thereof, and must treat such documents, information, or transcripts as Designated Information. The Receiving Party shall not be responsible for the disclosure or other distribution of belatedly-labeled Designated Information as to such disclosure or distribution that occurred prior to the Receipt of such notification of claim of confidentiality, and any such disclosure or distribution Shall not be deemed to be a waiver or violation of this Protective Order.

12. If any party believes that any other party or non-party has unreasonably designated certain information as "Confidential," or believes it is necessary to disclose to persons other than those permitted by this Protective Order, or otherwise objects to disclosure as provided under Paragraphs 5 through 6 hereof, and the Designating Party does not agree to change the designation or to further disclosure, the objecting party shall first serve written notice of its objection to the producing party within five (5) business days from the date of service of the objection, the parties shall confer and attempt to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the parties cannot resolve the dispute, or if the conference does not take place, then the resolution shall be as follows:

a. If the Designating Party is a party to this action the Designating Party may move the Court for an appropriate order. The Designated Information may be disclosed if the Designating Party fails to move the Court for an appropriate order within five (5) business days after the conference. If the Receiving Party timely files a motion with the Court for an appropriate order within the five (5) business day period, the Designated Information may not be disclosed to the proposed third party unless and until the Court denies the designating Party's motion. These time periods are not to restrict either party from moving for a Court order earlier if the circumstances so require.

*WHITEHEAD & BURNETT*
6980 O'BANNON DRIVE
LAS VEGAS, NV 89117
T: 702 267 6500

STIPULATED PROTECTIVE ORDER
CONFIDENTIAL DOCUMENTS - 8

b. If the Designating Party is not a party to this motion, the Receiving Party shall move the Court for an appropriate order allowing production of the materials at issue to the proposed third party within five (5) business days after the conference. If the Receiving Party timely files a motion with the Court for an appropriate order within the five (5) business day period, the Designated Information may not be disclosed to the proposed third party unless and until the Court denies the Receiving Party's motion. These time periods are not to restrict either party from moving for a Court order earlier if the circumstances so require.

13. If information subject to a claim of attorney-client privilege or work-product immunity is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such claim. If a party has inadvertently produced subject to a claim of immunity or privilege, upon request, such information shall be returned promptly and, if a document, all copies of that document shall be destroyed. The party returning such information may move the Court for an Order compelling production of such information upon a good faith basis for challenging the privilege or protection but may assert, as a basis for compelling production, wavier based on its inadvertent production in the first instance.

14. Within sixty (60) calendar days of the termination of this action, the collections proceedings associated therewith, and any and all appeals associated with the action, unless Counsel otherwise agree in writing, each party shall assemble and return all Designated Information, including copies, to the person(s) and entity from whom the material was obtained. Counsel may retain one (1) copy of any Designated Information previously filed with or submitted to the Court as provided by Paragraph 10.

15. This Protective Order will not prejudice the right of any party or non-party to oppose production of any information on the ground of attorney-client privilege, work product

1  immunity, trade secret status, or any other protection provided under the law.

2  16. This Protective Order is valid and binding upon all signatories to this Stipulated
3  Protective Order and all subsequent counsel of record or of contract. In the event Plaintiffs or
4  Defendant substitute counsel or proceed *pro se*, new counsel, or any of the parties, may move to
5  modify this Protective Order for good cause shown. However, unless and until the Court
6  modifies this Protective Order, this Protective Order shall remain in full force and effect.

| WHITEHEAD & BURNETT | HUTCHISON & STEFFEN, LLC |
|---|---|
| /s/ Jeffrey J. Whitehead | /s/ Ava M. Bessel |
| Jeffrey J. Whitehead (3183) | Todd L. Moody (5430) |
| Gary Burnett (7632) | Kumen L. Taylor (10244) |
| 6980 O'BANNON DRIVE | Jacob A. Reynolds (10199) |
| Las Vegas, Nevada 89117 | Ava M. Bessel (12698) |
| *Attorneys for Defendant* | 10080 West Alta Drive, Suite 200 |
|  | Las Vegas, Nevada 89145 |
| Dated: August 12, 2015 | *Attorneys for Plaintiffs* |
|  | Dated: August 12, 2015 |

15  Pursuant to the Stipulation of the Parties and their respective counsel, IT IS SO
16  ORDERED.

17  This __14th__ day of __August__, 2015.

_____
MAGISTRATE JUDGE

STIPULATED PROTECTIVE ORDER
CONFIDENTIAL DOCUMENTS - 10

# EXHIBIT A

## CONFIDENTIALITY AGREEMENT

I, _____ do hereby acknowledge and agree, under penalty of perjury, as follows:

1. I have read the Stipulated Confidentiality Agreement and Protective Order (the "Protective Order") entered in *Liguori v. Hansen et al* and fully understand its contents.

2. I hereby agree and consent to be bound by the terms of the Protective Order and to comply with it in all respects, and to that end, hereby knowingly and voluntarily submit and subject myself to the personal jurisdiction of the United States District Court, District of Nevada so that the said Court shall have the power and authority to enforce the Protective Order and to impose appropriate sanctions upon me for knowingly violating the Protective Order, including punishment for contempt of Court for a knowing violation of the Protective Order.

3. I understand that by signing this instrument, I will be eligible to receive "Confidential Information" in accordance with the terms and conditions of the Protective Order, and that if I should knowingly make a disclosure of any such information in a manner unauthorized by the Protective Order, I will have violated a court order, will be in contempt of court and will be subject to punishment by the court for such conduct.

DATED this _____ day of _____, 2015.

_____
(Signature)

_____
Print name

_____
Street address

_____
City, State, Zip

STIPULATED PROTECTIVE ORDER
CONFIDENTIAL DOCUMENTS - 11