# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

VICTORIA NELSON, Chapter 7 Bankruptcy Trustee, *et al.*,

        Plaintiffs,

vs.

BERT HANSEN, *et al.*,

        Defendants.

Case No. 2:11-cv-00492-GWF

**ORDER**

    This matter is before the Court on Plaintiffs' Application for Order Allowing Courtroom Examination of Judgment Debtor (ECF No. 420), filed on February 17, 2017. Defendant Hansen filed an Response (ECF No. 424) on March 6, 2017. Plaintiffs did not file a reply.

    Plaintiffs request that Defendant be ordered to submit to a judgment debtor examination that would take place in front of the undersigned. This request, Plaintiffs argue, is necessary based on Defendant's testimony as his last judgment debtor examination conducted following the first trial in this matter. There, Defendant allegedly failed to answer the questions posed by Plaintiffs' counsel and admittedly failed to review or prepare for the examination in any way. Defendant also failed to produce the documents Plaintiffs requested. Defendant argues that Plaintiffs' request is nothing more than an attempt to belittle, badger, and harass Defendant as well as a waste of judicial resources and time. In addition, Defendant argues that he should not be required to answer questions previously asked and answered or produce documents that has been provided to Plaintiffs during the course of litigation through Defendant's counsel and his CPA, Elizabeth Mercier.

    At this juncture, the Court is unwilling to conduct a courtroom judgment debtor examination of Defendant. If, however, it becomes obvious that Defendant is unwilling to answer questions the Court will preside over the examination and Plaintiffs may bring an appropriate

motion for sanctions.  The Court will, however, order Defendant to appear for a second judgment debtor examination at the law office of Plaintiffs' counsel.  Plaintiffs shall file with the Court a supplemental application for a judgment debtor examination that sets forth the areas of inquiry that they wish to proceed on and what documents they request Defendant produce at the time of the examination.  The Court will then determine what is the appropriate scope of Plaintiffs' examination of Defendant and what documents Defendant will be required to produce.

Defendant is advised that Federal Rule of Civil Procedure 69(a)(2), which governs post-judgment enforcement proceedings, entitles a judgment creditor to "a very thorough examination of the judgment debtor."  *Credit Lyonnais, S.A. v. SGC Int'l, Inc.*, 160 F.3d 428, 430–31 (8th Cir.1998) (quoting *Caisson Corp. v. County West Bldg. Corp.*, 62 F.R.D. 331, 335 (E.D.Pa.1974)).  "The presumption should be in favor of full discovery of any matters arguably related to the [creditor's] efforts to trace [the debtor's] assets and otherwise to enforce the judgment." *Id.* Therefore, the scope of discovery in post-judgment proceedings is very broad.  As a result, Defendant must be adequately prepared to answer questions arguably relating to Plaintiffs' efforts to enforce the judgment and must produce certain financial and other types of documentation that is relevant to his post-judgment examination.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Application for Order Allowing Courtroom Examination of Judgment Debtor (ECF No. 420) is **denied**.  Plaintiffs shall file a supplemental application for an order requiring Defendant's judgment debtor examination as detailed above.

DATED this 17th day of March, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge