# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

VICTORIA NELSON, Chapter 7
Bankruptcy Trustee, *et al.*,

        Plaintiffs,

vs.

BERT HANSEN, *et al.*,

        Defendants.

Case No. 2:11-cv-00492-GWF

**ORDER**

        This matter is before the Court on Plaintiff's Motion for Leave to Serve Additional Interrogatories in Aid of Judgment or Execution (ECF No. 460), filed on September 20, 2017. Defendant filed a Response (ECF No. 464) on October 4, 2017. Plaintiff did not file a reply.

        In an effort to collect upon their judgment, Plaintiffs seek to serve Defendant Bert Hansen, the judgment debtor, with 29 interrogatories rather than the proscribed 25. Plaintiffs argue that they are entitled serve the additional four interrogatories because the scope of post-judgment discovery is broad and the questions posed are directly related to their attempts at collecting on the judgment. Defendant argues that the additional requests are not necessary because they are repetitive in that they are seeking information on subjects that have already been asked and answered. Because of the repetitiveness, Defendant argues that the interrogatories are burdensome and are employed for purposes of harassment.

        Federal Rule of Civil Procedure 69(a)(2) governs judgment enforcement proceedings. It entitles a judgment creditor to "a very thorough examination of the judgment debtor." *Credit Lyonnais, S.A. v. SGC Int'l, Inc.*, 160 F.3d 428, 430–31 (8th Cir.1998) (quoting *Caisson Corp. v. County West Bldg. Corp.*, 62 F.R.D. 331, 335 (E.D.Pa.1974)). "The presumption should be in favor of full discovery of any matters arguably related to the [creditor's] efforts to trace [the debtor's]

assets and otherwise to enforce the judgment." *Id.* Therefore, the scope of discovery in post-judgment proceedings is very broad.

Rule 33(a)(1) provides that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2). Rule 26(b)(1) allows a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, . . ." Moreover, Rule 26(b)(2) provides that the court may alter or limit the number of interrogatories and must do so if any of the following occur:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

As discussed above, the scope of post-judgment discovery is very broad and the Court is inclined to allow Plaintiff to propound the 29 proposed interrogatories on Defendant. The interrogatories are relevant to the judgment creditor's efforts to ascertain Defendant's assets in order to collect on the judgment. Moreover, the Court finds that the additional four interrogatories do not impose an undue burden on Defendant and are not being used for the purpose of harassment. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Serve Additional Interrogatories in Aid of Judgment or Execution (ECF No. 460) is **granted**.

DATED this 17th day of October, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge