UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LENARD E. SCHWARTZER, CHAPTER 7 BANKRUPTCY TRUSTEE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BERT HANSEN, et al.,<br><br>Defendants. | Case No. 2:11-cv-00492-GWF<br><br>**ORDER** |

This matter is before the Court on Plaintiffs' Motion for Attorney's Fees (ECF No. 516), filed March 20, 2018. Defendant filed his Opposition (ECF No. 519) on April 5, 2018. To date, Plaintiffs have not filed a reply in response to the opposition and the time for the reply has now expired.

**BACKGROUND**

This matter arises from a breach of contract dispute pertaining to a licensing agreement between the parties. *Complaint* (ECF No. 1). Judgment was entered against Defendants on August 11, 2016. ECF No. 376. In an effort to collect on this judgment, Plaintiffs filed their second motion for leave of court to serve additional interrogatories. ECF No. 460. The Court granted Plaintiffs leave to serve additional interrogatories. ECF No. 472. Upon receipt and review, Plaintiffs asserted that Defendant's responses relating to his income and assets were insufficient. ECF No. 508 at 3. Plaintiffs' counsel advised Defendant's counsel of the alleged deficiencies and Defendant agreed to supplement his original responses. *Id*. However, Plaintiffs asserted that Defendant's supplemental responses were similarly insufficient and evasive. *Id*. Subsequently, Plaintiffs filed a motion to compel further responses to interrogatories. *Motion* (ECF No. 508). The Court granted Plaintiffs' motion to compel and further ordered counsel for

1

Plaintiffs to file a memorandum regarding attorney's fees and costs incurred as a result of filing the motion to compel. *Id.*

**<u>DISCUSSION</u>**

The Supreme Court has held that reasonable attorney fees must "be calculated according to the prevailing market rates in the relevant community," considering the fees charged by "lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11, 104 S.Ct. 1541 (1984). Courts typically use a two-step process when determining fee awards. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the Court must calculate the lodestar amount "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Id.* Furthermore, other factors should be taken into consideration such as special skill, experience of counsel, and the results obtained. *Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed . . . [w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Second, the Court "may adjust the lodestar, [only on rare and exceptional occasions], upward or downward using a multiplier based on factors not subsumed in the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

Plaintiffs request reimbursement of attorney's fees and costs at the following hourly rates: $400 an hour for the time of Todd Moody, Esq., based on Mr. Moody's twenty-four (24) years of litigation experience and position as a partner at the law firm of Hutchinson & Steffen; $290 an hour for the time of Traci Cassity, Esq., based on Mrs. Cassity's thirteen (13) years of litigation experience, as an associate attorney. ECF No. 516 at 2.

After reviewing Plaintiffs' Memorandum of Fees and the declaration of Todd L. Moody, Esq., the Court finds that Plaintiffs have provided sufficient evidence that $400 and $290 an hour in the Las Vegas legal market is reasonable for attorneys of such significant experience as Mr. Todd and Mrs. Cassity. Plaintiff requests reimbursement for 25.4 hours of attorney work based on time spent reviewing post-judgment interrogatories, preparing Plaintiffs' motion to compel,

drafting their reply in support of motion to the compel and preparation for and presentation of argument at hearing on motion to compel. ECF. No. 516 at 3. The records submitted by Plaintiffs confirm that significant time was spent drafting the motion and appearing at the hearing. *Id*. Based on the attorney hours billed, Plaintiffs request an award of fees in the amount of $8,343.00. *Id*. Based on its own review of the pleadings, the affidavit of Mr. Moody and the exhibits, the Court finds that Plaintiff's calculation of 25.4 hours of attorney labor reasonable. Therefore, the Court will grant Plaintiff's full request. Accordingly,

**IT IS HEREBY ORDERED** Plaintiff's Motion for Attorney's Fees (ECF No. 516) is **granted**. Defendant is further ordered to make the payment to Plaintiffs by **May 28, 2018**.

Dated this 27th day of April, 2018.

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE